# CIRCUIT COURT OF PRINCESS ANNE COUNTY

Commonwealth of Virginia

v.

Aubrey Simms

### February 16, 1960

BY JUDGE H. W. MACKENZIE, JR.

In the course of the cross-examination of the defendant in this case, it developed that the accused had caused trouble for the police at the time of his arrest for the offense for which he was being tried. In response to a question by the Commonwealth's Attorney, the accused replied to the effect that he "didn't generally give cops that hard a time." The Commonwealth's Attorney followed with a question "where is it you usually speak to policemen?" to which the accused's counsel objected, and the objection was overruled. It thereupon developed that on other occasions, the defendant had been arrested for similar assault charges.

There is no question that evidence of other arrests or convictions of the defendant for the same type of crime would not have been admissible in this case, and the testimony was allowed to come in because the accused has "opened up the subject" himself.

Upon full reflection and examination of the authorities, I am satisfied that the rule of evidence which permits testimony to be received which would otherwise be irrelevant because one of the parties has "opened up the subject" is limited to the offsetting of the effect of the testimony "opened up." As applied to this case, I believe it was error to permit the testimony having to do with other offenses to come in simply because the accused stated he "didn't generally give cops that hard a time." If this statement had been such that it would have tended to weaken the Commonwealth's case or had tended to excuse or justify the accused in the action he had taken, the Commonwealth's Attorney would have been permitted to follow this through with a complete examination tending to offset the damage created by the answer. But this was

not the case here. The answer was a rather flippant remark which had no direct bearing on either the Commonwealth's case or the accused's defense and would not justify the admission of otherwise irrelevant and prejudicial testimony.

Authority for this position will be found in *Michie's Law of Evidence in Virginia and West Virginia*, p. 130, and *Compton v. Commonwealth*, 190 Va. 48 (1949).

Since a new trial must be awarded on the above ground, it is not necessary to consider the refusal to grant instruction "A" tendered by the accused.